UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:18-cr-00114-006-TRM-CHS |
| v. | ) | |
| | ) | |
| CONNIE BELTRAN | ) | |

## MEMORANDUM AND ORDER

CONNIE BELTRAN ("Defendant") came before the Court for an initial appearance on December 15, 2022, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 373].

After being sworn in due form of law, Defendant was informed of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** Attorney Chris Lanier to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that she understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with her counsel and requested a preliminary hearing and a detention hearing.

The undersigned conducted the preliminary hearing and the detention hearing contemporaneously on December 16, 2022. The Government relied upon the sworn allegations in the Petition [Doc. 373] as well as the testimony of Whitwell Police Chief Corey Cleek (who served as an East Ridge patrol officer at the time of the events in question) and Probation Officer John Eppinger. Defendant relied upon Attorney Chris Lanier's cross-examination of the witnesses as well as a proffer of evidence by Attorney Lanier. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition includes a recitation of the violation of the specific conditions of supervision committed by Defendant, *to wit*:

- Defendant must not commit another federal, state or local crime.
- Defendant must not unlawfully possess a controlled substance.
- Defendant must not communicate/interact with someone engaged in criminal activity.
- If Defendant is arrested, she must notify the probation officer within 72 hours.
- Defendant must follow the instructions of the probation officer.
- Defendant must participate in a program of testing and treatment for substance abuse.[1]

Defendant's period of supervision commenced on March 12, 2021. On April 8, 2021, she failed to appear for a drug test. On November 12, 2021, the probation officer received notification that Defendant was arrested by the East Ridge Police Department for possession and delivery of methamphetamine on October 13, 2021. Defendant failed to notify her probation officer that she had been arrested. The police report—which was confirmed by Chief Cleek during the hearing—confirmed that Defendant helped facilitate the sale and delivery of narcotics out of room 116 at a Motel 6 in East Ridge, Tennessee. When Defendant was brought to Court for her initial appearance on December 15, 2022, she tested positive for methamphetamine.

With respect to the preliminary hearing, The Court finds that there is probable cause to find that Defendant violated conditions of her supervised release as set forth above.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that she poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not overcome that presumption. More specifically, and by way of background, Defendant was previously convicted in this Court for conspiracy to distribute methamphetamine. Now, after being released from prison and being placed on supervised release, she was arrested by state authorities for continuing to be involved in the distribution of methamphetamine, and she is continuing to use methamphetamine.

Based on the allegations in the Petition and the testimony during the hearing, the Court finds by clear and convincing evidence that Defendant is a danger to any other person or to the community and that she poses a risk of flight. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best

---

[1] The conditions of supervision have been summarized for the sake of brevity. The full conditions are set forth in the Petition [Doc. 373].

efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE